IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-63,716-01






EX PARTE DELMAR LEE PARKER, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

IN CAUSE NO. CR20,703 IN THE 20TH DISTRICT COURT

FROM MILAM COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of possession of a controlled substance, and
punishment was assessed at twenty (20) years' confinement. Applicant's conviction was
affirmed on appeal. Parker v. State No. 03-04-00133-CR (Tex. App. --Austin, delivered
October 24, 2005, no pet.).

 Applicant contends that he has been denied his right to petition for discretionary
review because he never received notice of the decision on appeal from appellate counsel. 

 The trial court has entered findings of fact or conclusions of law finding that
Applicant has alleged no fact supported by the record which entitles him to relief. However,
we do not believe that those factual findings are sufficient to completely resolve the issues
presented. Because Applicant has stated facts requiring resolution and because this Court
cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution of those issues. The trial court may resolve those issues as set out in Tex. Code
Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories
from mail room personnel at the Texas Department of Criminal Justice - Correctional
Institutions Division and from defense counsel, or it may order a hearing. In the appropriate
case the trial court may rely on its personal recollection.

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 The trial court shall then make findings of fact as to whether appellate counsel sent
notice of the right to petition for discretionary review and the decision on appeal to
Applicant's correct address and TDCJ-CID number, when such notices were sent, and
whether and when Applicant actually received such notices. The trial court shall also make
any further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within ninety (90) days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred twenty (120) days of the date of
this order. (2)


 IT IS SO ORDERED THIS THE 8TH DAY OF FEBRUARY, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.